LAWRENCE BOYLEN *vs.* HUGH YOUNG & trustees.

The Gen. Sts. *c.* 142, §§ 15, 16, authorize an adverse claimant to funds in the hands of a supposed trustee, who has been defaulted in a trustee process, to appear as of right and maintain his claim.

TRUSTEE PROCESS, originally commenced before a magistrate, and brought to the superior court by appeal. Walter Thorp

Charles W. Baker and Rufus A. Benson prayed to be allowed to appear as claimants to the funds in the hands of the supposed trustees, under the circumstances stated in the opinion; but their claim to appear was disallowed, and they appealed to this court.

*P. C. Bacon*, for the claimant.

*W. L. Southwick*, for the plaintiff.

DEWEY, J. The provisions of Gen. Sts. *c.* 142, §§ 15, 16, entitle adverse claimants to appear and sustain their title to any goods, effects and credits in the hands of any person summoned as trustee under the trustee process. Although the language of the statute is, that " the court may permit such claimant to appear and maintain his right," it is a legal right, and if such claimant, upon a proper setting forth of his claim under the statute, is refused permission thus to appear, he may, by appeal or exceptions, bring the question before this court for revision.

The question of the right of these claimants to appear is presented under the following state of facts: The writ was returnable before a magistrate, and the trustees duly appeared, and leave was given to them to file their answer on the 17th of July 1860, and the court was then adjourned to the 21st of July, on which latter day the claimants filed their petition for leave to appear as claimants and maintain their right to the funds in the hands of the trustees, and the action was further continued to the 23d of July, when the prayer of the claimants to appear was refused, and the trustees were defaulted.

The point of inquiry is, then, whether the default of the trustees under these circumstances precludes any proceedings on the part of an adverse claimant to the goods, effects and credits in their hands. The cases which have arisen heretofore have been cases where the trustee had made an answer admitting funds of the debtor in his hands. Under the law as formerly held, there could have been no such question as the present, as the right of a claimant to appear did not exist, unless the trustee disclosed an assignment or other claim in his answer. But under our present statutes this is not so, and an assignee may come in and maintain his right, without any such disclosure by

the trustee. May he also do it on a default of the trustee? As to a default, the provision of Gen. Sts. *c.* 142, § 13, is, that " when a person duly summoned as trustee neglects to appear and answer to the suit, he shall be defaulted and adjudged a trustee." Taking this provision alone, it would appear that a default had the like effect to charge him as trustee as an answer, admitting funds in his hands. In this aspect of the question, it would seem that the claimant might assert his right to these funds as well in the case of a default of the trustee as upon an answer; as in either event the latter is, by force of the statute, charged as trustee. If the claimant is not so allowed to appear in case of default, the trustee may always avoid a claimant's right to appear and have his claim established, by being defaulted. The only doubt as to entertaining such claim on a default of the trustee arises from the further provisions of Gen. Sts. *c.* 142, §§ 41, 42, authorizing an answer by the trustee upon a writ of *scire facias,* if he has not been examined in the original suit, and providing that he may then be examined in the same manner as he might have been in the original suit. Hence it may be suggested that, although defaulted in the original suit, he may thereafter by his answer deny absolutely having any funds, and thus obtain his discharge as trustee, and thereby all the previous proceedings upon the petition of a claimant would be of no avail or benefit to any party. This objection does exist. But it is also true that if the trustee has answered in the original suit, the court may permit him to be examined anew in the suit on the *scire facias.* § 42.

Looking at the course of legislation on this subject, and the increased facilities which have been given to claimants to establish their rights to funds in the hands of persons summoned as trustees, the court are of opinion that it is competent for a claimant to appear and assert his right to such funds, upon a default of the person summoned as trustee. It may be more difficult to establish such claim where the trustee has made no answer, and this embarrassment must be met by the claimant. It would be for him to show that the funds in the hands of the supposed trustee were lawfully his, and not liable to be attached

by the trustee process.    The case of *Knight* v. *Paul*, 11 Gray, , decided that where the trustee was defaulted in the original process, and upon the *scire facias* came in and made an answer, it was competent for a claimant to appear and assert his right to the funds.   The question there was, whether it was not too late for the claimant to appear at that stage of the proceedings. The court held that it was not.   But that case does not decide the question now presented, whether it would be competent for the claimant to appear in the original action and assert his claim to the funds, when the trustee does not appear and make an answer, but is charged solely on his default.   To secure fully the opportunity to a claimant to have his claim adjudicated before the funds have passed from the hands of the trustee, it is, necessary that he be allowed to appear and establish his claim to the same, as well where the trustee admits his liability by default as by an answer.

The judgment of the superior court, disallowing the motion of the claimant for leave to appear, was erroneous, and the motion should have been allowed.